FILED

MAY 0 1 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| HARRY PANKEY, | ) | |
| | ) | Civil No. 07-1878-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DON MILLS, | ) | FINDINGS AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |

Samuel C. Kauffman
Garvey Schubert Barer
121 S.W. Morrison Street, Eleventh Floor
Portland, Oregon  97204

        Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

        Attorneys for Respondent


1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Harry Pankey brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his sentences for Robbery in the First Degree and Robbery in the Second Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On November 14, 2003, the Multnomah County Grand Jury returned an indictment charging Pankey with five counts of Robbery in the First Degree, thirty counts of Robbery in the Second Degree and two counts of Kidnapping in the Second Degree. Respondent's Exhibit 102. Following plea negotiations, Pankey pled guilty to one count of Robbery in the First Degree and one count of Robbery in the Second Degree on the state's agreement that it would drop the remaining charges. The trial court accepted Pankey's plea and in accordance with the parties' stipulated agreement imposed a 70-month sentence on the Robbery in the Second Degree conviction to be run concurrently with a 175-month sentence on the Robbery in the First Degree conviction. Respondent's Exhibits 101 & 103.

Pankey did not directly appeal his sentence, but did file for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Pankey v. Blacketter, Umatilla County Circuit Court Case No. CV05-0303; Respondent's Exhibit 113. On appeal, the

2 - FINDINGS AND RECOMMENDATION

Oregon Court of Appeals summarily affirmed the PCR trial court on the state's motion and the Oregon Supreme Court denied review. Pankey v. Blacketter, A130698, S55288; Respondent's Exhibits 114-119.

On December 21, 2007, Pankey filed this action.   In his Petition for Writ of Habeas Corpus, Pankey raises the following grounds for relief:

Ground One:  Ineffective assistance of counsel under the 6th and 14th Amendments to the United States Constitution.

Supporting Facts:  Counsel failed to object to the trial court imposing departure sentences that exceeded the statutory maximum thereby violating the 6th and 14th Amendments of the United States Constitution.

Ground Two:  Ineffective assistance of counsel under the 6th and 14th Amendments to the United States Constitution.

Supporting Facts:  Counsel failed to object and argue that the court erred when imposing consecutive sentences in violation of the jury trial and due process rights of the 6th and 14th Amendments to the United States Constitution.

Ground Three:  Ineffective assistance of counsel under the 6th and 14th Amendments to the United States Constitution.

Supporting Facts:  Plea was unknowing in that counsel failed to properly advise Petitioner of the consequences of pleading guilty and the possibility that the court might impose departure and consecutive sentences.

Ground Four:  Denial of jury trial and due process under the 6th and 14th Amendments to the United States Constitution.

Supporting Facts:   The trial court erred when imposing departure and consecutive sentences.[1]

---

[1]As noted above, the trial court ordered Pankey's sentences to run concurrently. Accordingly, any claims raised by Pankey in this Petition related to the trial court's imposition of consecutive sentences or his counsel's failure to object to the imposition of

Respondent asks the court to deny relief on the Petition because: (1) Grounds Two and Three are procedurally defaulted; (2) the remaining claims were correctly denied on the merits in a state-court decision entitled to deference; and (3) all claims are without merit.

**DISCUSSION**

## I.    Unargued Claims (Grounds Two and Three)

Notwithstanding the fact that respondent briefed all the claims set forth in the Petition, Pankey does not provide argument to support the merits of the claims set forth in Grounds Two and Three. He merely states in his supporting memorandum that "[a]s to grounds two and three, [he] does not waive those grounds, but will rely on his petition and the documents filed with the petition." Memorandum in Support (#29), p. 4.[2]   The court has nevertheless reviewed the record as to Pankey's Ground Two and Three claims and determined that they would not entitle him to relief.   See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

///

consecutive sentences are without merit and will not be addressed further.

[2]I note that no supplemental documents were filed with Pankey's Petition (#2).

II.   **Merits**

   A.   **Standard of Review**

   An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:   (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).

   A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."   Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."

*Id*. at 413.   The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id*. at 410.   The state court's application of clearly established law must be objectively unreasonable.   *Id*. at 409.

At Pankey's PCR trial, the PCR court stated:

> Okay.   Well, *Blakely* -- *Blakely* clarifies, in certain respects, *Apprendi*.  In other respects, of course, it turned the criminal law on its head.  But it clarifies that, and then we have a case that I'm bound to follow, that *McClannahan vs. Hill*, that *Blakely* does not apply retroactively to a post-conviction proceeding.   I'm talking about trial courts.
>
> And as far as the argument is that *Apprendi* does not apply retroactively, the argument that is being made by the defendant is that the Supreme Court used the template or the modus operandi for deciding whether or not something should be retroactive in *Teague*, *Teague vs. Lange*, and it referred to *Ring vs. Arizona*, which was based on *Apprendi*.
>
> And it was -- at least I think I'm reading that correctly; I may not be.  In any event, we know *Blakely* is not retroactive, and it would be asking almost superhuman intelligence of an attorney post-*Blakely* -- post-*Apprendi* but pre-*Blakely* to follow or know what direction the U.S. Supreme Court was going.
>
> So -- and, it's pointed out, and I remember this, *Apprendi* was interpreted to apply to dangerous offender sentences and sentences that exceeded the maximum presumptive, not the grid block time.
>
> So this is an area that is still being debated.  I'm going to rule that *Blakely* and *Apprendi* were not retroactive.  Counsel was not inadequate in failing to object to it, and I'm going to deny the petition.

Respondent's Exhibit 112, pp. 9-10.

Pankey devotes much of his briefing to this question of whether Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004) apply retroactively.  Memorandum in

Support (#29), pp. 8-13.  As Pankey acknowledges, however, the
Ninth Circuit has held that the Supreme court announced new rules
in those cases that do not apply retroactively to cases on
collateral review.  See United States v. Sanchez-Cervantes, 282
F.3d 664, 671 (9th Cir. 2002); United States v. Cruz, 423 F.3d
1119, 1120 (9th Cir. 2005); Schardt v. Payne, 414 F.3d 1025, 1034-
36 (9th Cir. 2005); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246
(9th Cir.), cert. denied, 546 U.S. 944 (2005).  Accordingly, this
court cannot conclude that the PCR trial court's determination that
Apprendi and Blakely do not apply retroactively is contrary to or
an unreasonable application of clearly established Federal law as
determined by the Supreme Court.

Moreover, Pankey's argument that the trial court's imposition
of an upward departure sentence was unconstitutional because it
violated Apprendi is based on an application of the Apprendi rule
that was not made clear until Blakely v. Washington, 542 U.S. 296
(2004) issued a couple of months after he was sentenced.  In short,
Pankey argues that Apprendi required a jury to find enhancement
factors beyond a reasonable doubt, and even if that requirement was
unsettled at the time of his sentencing, his defense counsel
provided ineffective assistance when he failed to object to the
enhancement.  Leaving aside counsel's ineffectiveness for the
moment, it is clear that, at the time of Pankey's sentencing, the

trial court did not contravene federal law in relying on the
parties' stipulation to support the enhanced sentence.

Under the rule of Apprendi, "[o]ther than the fact of a prior
conviction, any fact that increase[s] the penalty of a crime beyond
the prescribed statutory maximum must be submitted to a jury, and
proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

At the time of Pankey's sentencing, Oregon courts applying
Apprendi understood the applicable "statutory maximum" for felonies
to consist of terms set forth in Or. Rev. Stat. § 161.605, which
set maximum terms of imprisonment for various classes of felonies.
See, e.g., State v. Dilts, 39 P.3d 276 (Or. App. 2002), aff'd 82
P.3d 593 (Or. 2003), vacated by Dilts v. Oregon, 542 U.S. 934
(2004). For Robbery in the First Degree, the "statutory maximum"
was 20 years under that standard. Then-current Supreme Court
authority reaffirmed the role of judicial fact finding in
sentencing as long as the sentence did not exceed statutory limits.
See, e.g., Apprendi, 530 U.S. at 481 ("nothing in this history
suggests that it is impermissible for judges to exercise
discretion-taking into consideration various factors relating both
to offense and offender-in imposing a judgment within the range
prescribed by statute.").

The meaning of "statutory maximum" for Apprendi purposes
changed in 2004 with the clarification of Apprendi in Blakely v.
Washington, 542 U.S. 296 (2004). The defendant in Blakely pleaded
guilty to kidnapping and use of a firearm. Blakely, 542 U.S. at

8 - FINDINGS AND RECOMMENDATION

298-99.  Like Oregon's sentencing guidelines, those at issue in
<u>Blakely</u> established a presumptive sentence for a particular crime.
<u>Id</u>. at 300.  Both schemes also permit the sentencing court to
impose a sentence above the standard range based on certain
findings that would justify a departure.  In <u>Blakely</u>, the standard
range for the crime of which defendant pleaded guilty was 49 to 53
months.  Finding that the defendant had acted with "deliberate
cruelty" (one of several enumerated grounds for departure) the
trial court departed upward to 90 months.  <u>Id</u>.

The defendant argued that imposing a sentence in excess of the
standard-range maximum under the state sentencing guidelines, based
on facts not found by a jury, violated his jury trial and due
process rights.  The state contended that the relevant statutory
maximum for <u>Apprendi</u> purposes was the 10-year maximum for Class B
felonies and not a standard-range maximum under the state
sentencing guidelines.  <u>Id</u>. at 302.

The Court rejected the state's argument and set forth a
definitive measure of "statutory maximum" for <u>Apprendi</u> purposes:

> Our precedents make clear * * * that the "statutory
> maximum" for <u>Apprendi</u> purposes is the maximum sentence a
> judge may impose solely on the basis of the facts
> reflected in the jury verdict or admitted by the
> defendant.  In other words, the relevant "statutory
> maximum" is not the maximum sentence a judge may impose
> after finding additional facts, but the maximum he may
> impose without any additional findings.

<u>Id</u>. at 303-04.

In the wake of Blakely, the Oregon Supreme Court adjusted its understanding of "statutory maximum" accordingly, so that the presumptive sentence under the guidelines, rather than the maximum penalties for various classes of felonies under Or. Rev. Stat. § 161.605, set the ceiling beyond which enhancement factors must be proved to a jury beyond a reasonable doubt.   State v. Dilts, 103 P.3d 95 (Or. 2004).   In the same month, Oregon courts clarified that enhancement of a sentence based on a finding of "persistent involvement" required a jury determination, rather than a review of the bare facts of a defendant's prior crimes.   State v. Perez, 102 P.3d 705 (Or. App. 2004), rev'd on other grounds, 131 P.3d 168 (Or. 2006).

Blakely's clarification of the term "statutory maximum" resulted in a significant change from Oregon sentencing as it had been conducted post-Apprendi.   See Peralta-Basilio v. Hill, 126 P.3d 1 (Or. App. 2005), rev. denied, 132 P.3d 1056 (Or. 2006)(discussing effect of Blakely).   The fact that no post-Apprendi federal circuit court of appeals decided issues analogous to those presented in Blakely in the way that the Supreme Court finally did exemplifies Blakely's unforeseeability.   Id. at 3 (collecting cases).

As noted above, Pankey was sentenced prior to the Blakely's clarification of Apprendi's "statutory maximum" term.   In view of this time line, I cannot agree with Pankey that his sentence was

10 - FINDINGS AND RECOMMENDATION

unconstitutional because it was imposed in violation of <u>Apprendi</u> as it was understood prior to <u>Blakely</u>.

Furthermore, Pankey's contention that he is entitled to relief under <u>Apprendi</u> and <u>Blakely</u> because his 175-month sentence for Robbery One was beyond the 90-month mandatory minimum under Ballot Measure 11 and was not supported by his stipulation to any aggravating factors or his consent to judicial fact finding, is equally unavailing. Pankey received the benefit of his bargain with the prosecutor: in exchange for pleading guilty to one count of Robbery in the First Degree and one count of Robbery in the Second Degree and stipulating to a 175-month sentence on Robbery One (90 months mandatory under Ballot Measure 11 and 85 months eligible for good-time credits) to be run concurrently with a 70-month sentence on Robbery Two, the prosecutor dropped the remaining thirty-five charges. Based on the foregoing, I conclude Pankey waived any applicable <u>Apprendi</u> rights in this case in order to secure a favorable plea deal with the prosecutor.

Finally, I address Pankey's contention that his trial counsel was ineffective because she advised Pankey to agree to a stipulated sentence without advising him of his rights under <u>Apprendi</u> and in failing to object to the sentence the trial court imposed as violative of <u>Apprendi</u>.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's

11 - FINDINGS AND RECOMMENDATION

performance fell below an objective standard of reasonableness.
Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the
difficulties in evaluating counsel's performance, courts must
indulge a strong presumption that the conduct falls within the
"wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance
prejudiced the defense. The appropriate test for prejudice is
whether the defendant can show "that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." Id at 694.
A reasonable probability is one which is sufficient to undermine
confidence in the outcome of the trial. Id at 696.

In Hill v. Lockhart, the Supreme Court adapted the two-part
Strickland standard to guilty pleas based on ineffective assistance
of counsel, holding that a defendant seeking to challenge the
validity of his guilty plea on the ground of ineffective assistance
of counsel must show that (1) his "counsel's representation fell
below an objective standard of reasonableness," and (2) "there is
a reasonable probability that, but for [his] counsel's errors, he
would not have pleaded guilty and would have insisted on going to
trial." 474 U.S. 52, 57-59 (1985).

Pankey contends that because he pled guilty and was sentenced
just two months prior to the issuance of Blakely and after the
Supreme Court had granted certiorari in that case and heard oral
argument, counsel should have "advised him that pending before the

12 - FINDINGS AND RECOMMENDATION

Supreme Court was a decision that could potentially change the legal landscape in terms of sentencing." Memorandum in Support (#29), p. 7. Pankey suggests that reasonable counsel would have anticipated Blakely.

For purposes of the Strickland test, the reviewing habeas court evaluates a trial attorney's conduct "as of the time of counsel's conduct." 466 U.S. at 690. Here, hindsight can be especially distorting. As noted above, at the time of Pankey 's sentencing, Blakely had not yet been decided, and, in the case of felonies, the "statutory maximum" for Apprendi purposes was not yet clarified to take the meaning that it did post-Blakely. At post-conviction, Pankey argued Blakely should apply retroactively to cases on collateral review. He also suggested his attorney should have argued at trial that the "statutory maximum" for Apprendi purposes was the presumptive sentence under Oregon's presumptive guidelines. In light of the legal context at the time, however, it is not error to conclude that such expectation would exceed the standard of professional care required under Strickland.

Even assuming counsel's representation fell below an objective standard of reasonableness, Pankey cannot satisfy Strickland's prejudice prong. He contends his attorney's failure to advise him that Blakely was pending substantially prejudiced him because he was ignorant of the potential sentencing issues addressed in that case when he pled guilty. Memorandum in Support (#29), p. 7. However, given the numerous charges Pankey faced had he gone to

13 - FINDINGS AND RECOMMENDATION

trial and the trial court's assessment that his choice to enter a plea probably saved him a lot of prison time because in the trial judge's experience cases such as Pankey's typically result in consecutive Measure 11 sentences, the court is wholly unconvinced that had trial counsel informed Pankey of his right to have a jury make factual findings beyond a reasonable doubt to support an enhanced sentence beyond the presumptive range, he would not have struck the deal he did with the prosecutor. Accordingly, Pankey cannot demonstrate that the PCR trial court's determination that petitioner was not denied the right to effective assistance of counsel is contrary to, or an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due May 15, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of

14 - FINDINGS AND RECOMMENDATION

the Findings and Recommendation will go under advisement on that date.

**NOTICE**

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.    These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.    Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this ____ day of May, 2009.

Paul Papak
United States Magistrate Judge